UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

BRENT JOHNSON,

Plaintiffs,

v.

AL BITTLER, et al.,

Defendants.

Case No. 3:12-cv-00642-MMD-VPC

ORDER

(Defs.' Motion to Dismiss – dkt. no. 12)

I. **SUMMARY**

Before the Court is Defendants Al Bittler and the United States of America's Motion to Dismiss. (Dkt. no.12.) For the reasons set forth below, the Motion is granted.

II. **BACKGROUND**

The Complaint alleges the following facts. Plaintiff Brent Johnson receives veteran's benefits as a result of a disability suffered in military service. (*See* dkt. no. 1 ¶ 3.) In order to receive his benefits, the Veteran's Administration required Mr. Johnson to seek counseling with a psychiatrist. (*See id.* ¶ 4.) Mr. Johnson met with the Veteran's Administration's psychiatrist in June or July 2010 and was notified after December 15, 2010, that he had been adjudicated in a legal proceeding to be incompetent and that he required a fiduciary to handle his disability payments. (*See id.* ¶¶ 5, 8.) Mr. Johnson states that he was not notified by Al Bittler, the Veteran's Administration Case Manager, or any other individual about the administrative hearing in which he was deemed incompetent. (*See id.* ¶ 9.) As a result of the adjudication, the Veteran's Administration informed the Federal Bureau of Alcohol, Tobacco, and Firearms that Mr. Johnson no

longer qualified to own a firearm. (*See id.* ¶ 12.) As a result, Mr. Johnson was not allowed to continue with the two-year gunsmithing program he was enrolled in. (*See id.* ¶¶ 14, 22.) Mr. Johnson, therefore, left his school in Colorado and returned to Nevada where his family was. The Veteran's Administration later determined, without conducting a subsequent psychiatric evaluation, that Mr. Johnson does not require a fiduciary to manage his financial affairs. (*See id.* ¶ 27.) Mr. Johnson is still prohibited from owning a gun. (*See id.*) Among other damages, Mr. Johnson is seeking the fees and costs of the gunsmithing program, the forfeited tools and equipment costs, lost salary and wages should he have received his degree, and the costs associated with leaving his apartment in Colorado in violation of his lease. (*See id.* at 6-9.)

Defendants seek dismissal of all claims for insufficient service of process, pursuant to Federal Rule of Civil Procedures 12(b)(5), and for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6). (Dkt. no. 11.) The Court has considered this Motion as well as Plaintiff's Opposition (dkt. no. 12), and Defendants' Reply (dkt. no. 13).

### III.  LEGAL STANDARD

Defendants are authorized to move to dismiss for insufficient service of process under Rule 12(b)(5). The plaintiff bears the burden of establishing the validity of service under Rule 4. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). A federal court lacks personal jurisdiction over a defendant if service of process is insufficient. *See Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Courts are not required to dismiss a case for insufficient service. They have wide discretion to either dismiss the action or order proper service. *See Lyninger v. Motsinger*, 10-CV-504-RCJ, 2011 WL 769995, at *1 (D. Nev. Feb. 25, 2011).

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While

Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 US 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 679. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (*quoting Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)).

IV. **DISCUSSION**

A. **Service of Process**

Defendants contend, and Plaintiff admits, that the service of process in this case was both insufficient and untimely. In order to serve the United States, a party must:

3

(1) deliver a copy of the summons and the complaint to the United States attorney for the district where the action is brought or send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office; and (2) send a copy of each by registered or certified mail to the Attorney General of the United States in Washington, D.C. Fed. R. Civ. P. (4)(i)(1)(A)-(B). In order to serve a United States agency or official, such as Mr. Bittler, a party must comply with the process required for service on the United States as well as send a copy of the summons and complaint by registered or certified mail to the agency or officer being sued. Fed. R. Civ. P. (4)(i)(1)(A)-(C). Plaintiff served the U.S. Attorney's office on April 11, 2013. (*See* dkt. no. 8.) Defendant states that this was the only service that Plaintiff effectuated, but it appears that Mr. Bittler was also served on April 23, 2015. (Dkt. no. 10.) It is undisputed that Plaintiff has not sent a copy of the summons and the complaint to the Attorney General, which is a requirement of service for all parties to this suit.

Additionally, Plaintiff concedes that the service he did complete was untimely. Service must be effectuated within 120 days of a complaint's filing. Fed. R. Civ. P. 4(m). The Complaint was filed on December 7, 2012, requiring that service be complete by April 6, 2013. (Dkt. no. 1.) Service was not effectuated upon a single entity by April 6, 2013.

While Plaintiff acknowledges in his Opposition that service was insufficient and untimely, he has neither attempted to effectuate proper service nor moved this Court for an extension of time.[1] Because Plaintiff has not properly effectuated service upon Defendants, the Court lacks personal jurisdiction over Defendants and therefore does

///

///

///

---

[1] Plaintiff's Opposition states: "Counsel asks the court to permit an extension of time to meet the service rules." (Dkt. no. 12 at 4.) Such a request is not properly before this Court nor does Plaintiff demonstrate good cause as required by Rule 4(m).

not reach Defendants' argument that Plaintiff has failed to state a claim upon which relief can be granted.[2]

## V.   CONCLUSION

It is therefore ordered that Defendants' Motion to Dismiss (dkt. no. 12) is granted.

DATED THIS 30th day of January 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[2] While the Court does not reach Defendants' arguments regarding Plaintiff's failure to state a claim upon which relief many be granted, the Court notes that Plaintiff's Opposition conceded that there are a number of failures in his Complaint. Should Plaintiff choose to refile, Plaintiff should attempt to cure any deficiencies.